IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

v.                                    No. 6:10-CR-60034

TRACY T. YOUNG                                              MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 33) filed herein by **TRACY T. YOUNG**, (hereinafter referred to as "Young")  an inmate confined in the Federal Bureau of Prisons.  The United States of America (hereinafter referred to as the "Government") has responded to the Motion.  ECF No. 35.  The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

1.  **Procedural Background**:

Young was charged in a four count Superceding Indictment returned by the Grand Jury for the Western District of Arkansas on June 29, 2011.[1]   ECF No. 23. Count 1 of the Superceding Indictment charged Young with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).   Count 2 of the Superceding Indictment charged Young with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).   Count 3 of the Superceding Indictment charged Young with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). Count 4 of the Superceding Indictment charged Young with possession of

---

[1]Young was originally charged by Complaint on October 6, 2010, (ECF No. 1), and then by Indictment on November 4, 2010, (ECF No. 7).

a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A). Young was represented at trial by his current counsel, who was appointed by the Court.  ECF No. 5.

On July 11, 2011, Young appeared with counsel before U.S. District Judge Robert T. Dawson for a change of plea hearing.   ECF No. 26.   Pursuant to written Plea Agreement, Young pled guilty to Counts 1 and 3 of the Indictment.  ECF No. 27.   The Plea Agreement specifically set out the fact Young was subject to a possible mandatory minimum sentence of 15 years as a result of his guilty plea to Count 3, if he had three or more prior felony convictions involving drugs or violence.  ECF No. 27 ¶ 8.  The Government agreed to recommend a 15 year sentence if it was determined Young was subject to the Armed Career Criminal Statute.  The Government agreed to dismiss Counts 2 and 4 at sentencing.   Judge Dawson reviewed the Plea Agreement with Young, accepted his plea of guilty, and  ordered a pre-sentence investigation report ("PSR") prepared.  Young was remanded to the custody of the United States Marshal to await sentencing.  ECF No. 26.

The United States Probation Office prepared a PSR (ECF No. 30), and the matter was set for sentencing on December 5, 2011.   Originally, the PSR did not find Armed Career Criminal status for Young. However, after an objection from the Government, a revised PSR was produced.  The revised PSR determined the Armed Career Criminal Act ("ACCA") to be applicable to Young pursuant to the United States Sentencing Guidelines ("USSG") § 4B1.4.  The PSR  recommended a  total offense level of 31 and a criminal history category VI.[2]  It recommended a sentence range of 188-235 months imprisonment.   Young filed an Sentencing Memorandum objecting to the revised PSR stating:

---

[2]Young would have been in Criminal History Category VI with or without application of § 4B1.4, as his criminal history score was twenty-two (22).

> Subsequently, with no new facts or findings or Counts being filed, an amended sentencing recommendation was filed with a mandatory minimum of 188-235 months. We object to the change in recommendations due to the fact there were no new findings to warrant the change in recommendations and my client relied on the recommendations in the initial report.

*See* Young's Sentencing Memorandum, ECF No. 28. Young also made other, non-USSG related, arguments for a lower sentence in this Sentencing Memorandum and argued the sentencing range should be 151-188 months.

At the sentencing hearing, Judge Dawson first placed Young under oath and inquired if he had an opportunity to review the PSR.   The Court advised Young of the advisory nature of the USSG.  The Court then determined the Armed Career Criminal section applied and found the base offense level to be 34.   The Court then granted a 3 level reduction for Young's acceptance of responsibility and found his total offense level to be 31 with a Criminal History Category VI.  The resulting guideline imprisonment range was 188-235 months. Young's counsel was allowed to argue for a lesser sentence and did so rasing the following issues:

1. Similar charges in state court would have likely resulted in a 10 years sentence with Young being paroled after 24-36 months.

2. Young's brother was previously sentenced by the Court to similar charges and recieved a term of imprisonment of 70 months.

3. Based on counsel's experience representing criminal defendants, Young was an exception in that he had an educated mother, but no strong father figure;

4. Young was capable of furthering his education and had indicated he saw the error of his past conduct.

5. Young was willing to cooperate to receive a reduced sentence.

Transcript of Sentencing Hearing, ECF No. 36, p. 7-10. Young was also given the opportunity to speak on his own behalf but declined to do so.  ECF No.  36, p. 10.

-3-

The Government argued none of the proffered reasons indicated a non-guideline sentence was appropriate.  However, in accord with the Plea Agreement, the Government did move the Court to impose a sentence of 180 months rather than a sentence of 188-235 months as indicated by the PSR.  ECF No. 36, p. 12.   The Court asked either party if there was "any basis for the Court to impose a sentence below the mandatory minimum of 15 years or a 188 months."  Both parties responded no.  ECF No. 36, p. 12.

The Court followed the parties' Plea Agreement, and Young was sentenced to 180 months imprisonment.  ECF No. 36, p. 13-14.   He was also sentenced to three years supervised release following his release from prison.  The Government moved to dismiss Counts 2 and 4 of the Superceding Indictment, and the Court granted that motion.  Young did not appeal the sentence imposed.

**2.  <u>Instant Petition</u>**:

Young filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on November 29, 2012.  ECF No. 33.  Young asks to be re-sentenced without application of the ACCA. The Court directed the Government to file a r,esponse and the Government filed its Response on January 31, 2013.   ECF No. 35.

Young raises four grounds in his Motion:

1.  One of Young's prior convictions used to enhance his sentence is a state conviction for second degree battery. Under Arkansas law, if a State charge does not contain language of use of "physical force," it cannot be used to qualify for a mandatory minimum sentence.  Second degree battery does not meet the requirement of using "physical force" under Arkansas Law.

2.  Young served only 9 months imprisonment for one of the robbery convictions used to apply the ACCA.  Such sentence can not be used for enhanced sentencing under the ACCA.

-4-

3.  The mandatory minimum sentence of the ACCA is unconstitutional and in violation of the Fifth and Eighth Amendments.

4.  Young's counsel was ineffective in that she was unaware of the case law regarding the requirements for a state conviction to be used to enhance a sentence under the ACCA. Counsel should have objected to the Pre-Sentence Report on several grounds and did not.

The Government responds and alleges first the first claim is  procedurally defaulted because it was not raised on direct appeal.  The Government also contends all of the claims have no merit even if they are found to be properly presented in this matter.

3.  **Discussion**:

   **a.  Procedural Bar**: The Government asserts Young failed to raise the issue of whether a second degree battery conviction in Arkansas is a predicate crime for purposes of the application of the ACCA on direct appeal and has thus procedurally defaulted this claim.   The Court notes again Young did not appeal his sentence in any fashion and raised none of the issues in this motion on direct appeal.

   As a preliminary matter, it should be noted that a § 2255 motion is fundamentally different from a direct appeal.   A collateral attack pursuant to § 2255 is limited to alleging errors of "constitutional or jurisdictional magnitude."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  The role of a § 2255 motion is clear:

> Section § 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence."  The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)). Further, the general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003)(*citations omitted*). Young did not appeal his sentence and has procedurally defaulted unless he can show cause and prejudice for his default.[3]

**b. Cause for Procedural Default**: Young indirectly raises one type of "cause" in his fourth claim. Specifically, he alleges his trial (and current) counsel "was unaware of current case law as to what is specifically required" for application of the ACCA in the underlying criminal case and also failed to object to the PSR on "several grounds."   The Court construes this claim as a claim of ineffective assistance of counsel and as a claim of "cause" for his procedural default.

A claim of ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default. *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005)(citations omitted).   In order to establish ineffective assistance of counsel, both as an independent claim and as cause and prejudice to excuse a procedural default of his other claims, Young must show that "counsel's performance was deficient" and "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id. (quoting Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Young must establish first that his "counsel's assistance fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances; and second, that the deficient performance prejudiced [his] defense." *Id., quoting United States v. Acty*,

---

[3]Young does not assert actual innocence in the instant motion, and the Court will not address that issue.

77 F.3d 1054, 1059 (8th Cir.1996).  The Court notes its review of counsel's performance should be "highly deferential."  *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995).

Young must first show his counsel's failure to raise the issues raised here constituted objectively unreasonably strategy.    In this case, Young's counsel states she failed to raise three issues at sentencing or on appeal, (1) whether an Arkansas conviction for battery second degree was a predicate crime for purposes of the ACCA; (2) whether serving a 9 month sentence on a felony conviction disallows consideration of that conviction for purposes of the ACCA; and (3) whether the ACCA itself constitutes double jeopardy or otherwise violates the Fifth or Eighth Amendments. Even if the Court assumes these failures were objectively unreasonable, Young must still show "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  To determine whether there is a reasonable probability of a different outcome, the Court will consider what would have happened had the issues been raised at sentencing or on direct appeal.

**c. Prejudice resulting in improper sentence**:  Young first claims a conviction for second degree battery in Arkansas cannot be used to qualify for a mandatory minimum sentence under the ACCA unless it is charged as a crime of "physical force."    He claims his counsel should have objected on that ground to the application of the ACCA to his sentencing and appealed the sentence.

To qualify as a predicate offense for the purpose of application of the ACCA, a prior conviction must either be a drug offense or a "crime of violence."  See 18 U.S.C. § 924(e)(1).   A "violent felony" is defined at § 924(e)(2)(B) as follows:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment

-7-

for such term if committed by an adult, that--

(i) *has as an element the use, attempted use, or threatened use of physical force against the person of another*; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924 (e)(2)(B)(emphasis added).  Young was convicted in Arkansas state court of second degree battery.   The Eighth Circuit has directly addressed this issue of whether a conviction for second degree battery under Arkansas law is a predicate violent felony offense under the ACCA. In United States v. Graham, 394 Fed. Appx, 354 (8th Cir. 2010), the Eighth Circuit held:

Specifically, we conclude that Graham's convictions for aggravated assault in 1996, attempted robbery in 1999, and *second degree battery* in 2000 were for violent felonies.

*Id*. at 355 (emphasis added).   Accordingly, the PSR correctly recommended, and Judge Dawson correctly found, that second degree battery was a predicate offense under the ACCA and judged Young to be subject to the sentencing provisions of that act.  Counsel's failure to object at sentencing or to raise this issue on direct appeal had no bearing on the outcome of Young's case.

Young next claims he served less than one year of a prior sentence for a robbery conviction and thus this conviction can not be used as a predicate offense for the application of the ACCA.  He claims his counsel should have objected on that ground to the application of the ACCA at his sentencing and appealed the sentence.  According to the PSR, Young was convicted of robbery in 2002.  He was sentenced to 72 months probation initially and according to him ultimately served about 9 months  imprisonment on that conviction.   "Robbery" is defined by the Arkansas Criminal Code as a Class B felony.  *See* Ark. Code. Ann § 5-12-102(b).  Further, a Class B felony in Arkansas is punishable by not less than 5 years nor more than 20 years imprisonment.  *See* Ark. Code. Ann

§ 5-4-401(a)(3).   Thus Young was convicted of robbery, an offense that was "punishable by imprisonment for a term exceeding one year."  The Eighth Circuit has stated:

> in determining whether a state conviction is punishable for more than one year's imprisonment for purposes of a federal criminal statute predicated on a prior felony conviction or for federal sentencing purposes, we look to the maximum penalty allowed by [the state] statute.

*United States v. Guzman-Tleseca*, 546 F.3d 571, 579 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 2025 (2009) *quoting United States v. Murillo*, 422 F.3d 1152, 1153-54 (9th Cir.2005), *cert. denied* 547 U.S. 1119 (2006). The focus for purposes of determining the applicability of the ACCA is the maximum possible punishment imposed, not the actual time served in prison.  This conviction is a predicate offense under the ACCA.  Counsel's failure to object at sentencing or to raise this issue on direct appeal had no bearing on the outcome of Young's case.

Finally, Young claims a sentence imposed pursuant to the provision of the ACCA is a violation of the Fifth and Eighth Amendments to the United States Constitution.  He claims his counsel should have objected on that ground to the application of the ACCA at his sentencing and appealed the sentence.  Specifically, he claims the mandatory minimum sentence is a violation of double jeopardy and amounts to cruel and unusual punishment.  Young states "the Supreme Court has repeatedly narrowed the scope of the ACCA and has increasingly taken the position that federal mandatory minimum statutes are unconstitutional. There are Fifth Amendment, double jeopardy issues that arise when someone is sentenced under the ACCA. . . in furtherance of that theory the Eighth Amendment of cruel and unusual punishment has also been argued."  Young offers no authority for these arguments.

Contrary to Young's position, the Courts have routinely upheld the ACCA against attacks

based on double jeopardy grounds.  The Eighth Circuit has stated:

> It is well-settled that the use of a defendant's prior convictions to establish his status as a convicted felon ... does not constitute a second conviction and punishment for double jeopardy purposes.

*United States v. Bates*, 77 F.3d 1101, 1106 (8th Cir.1996) *(citing*, *Davis v. Bennett*, 400 F.2d 279, 282 (8th Cir.1968), *cert. denied*, 395 U.S. 980 (1969)("the Supreme Court of the United States has consistently recognized the principle that state recidivist statutes go only to punishment and do not themselves constitute a distinct crime.)); *United States v. Phillips*, 432 F.2d 973, 975 (8th Cir.1970)("we have made it clear that the use of a prior conviction as the basis for a status in respect to the commission of another crime does not constitute double jeopardy- as, for instance, in the increase of punishment under a habitual offender statute")*; United States v. Thomas*, 895 F.2d 1198, 1201 (8th Cir.1990)("The constitutionality of imposing more severe sentences upon defendants who are habitual offenders has been repeatedly upheld against constitutional challenge, including challenges under the double jeopardy clause.").   Further, the prior convictions used to enhance a sentence "need not be charged in the indictment. *United States v. Sohn*, 567 F.3d 392, 394-95 (8th Cir. 2009)(defendant sentenced enhanced under the ACCA).

Young's argument regarding cruel and unusual punishment does not support his claim of a double jeopardy violation.  As noted above, Young cites no authority for this position, and the Court has found none.  Young did argue at sentencing that his sentence was much more severe than his brother who was convicted of a similar crime. *See* ECF No. 36, p. 8-9.  The cruel and unusual punishment clause of the Eighth Amendment has been interpreted to prevent sentences which are "grossly disproportionate" to the crime of conviction. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991).  In *Rummel v. Estelle*, 445 U.S. 263, 285 (1980), the Court held that a life sentence for

a defendant convicted of repeated credit card fraud did not violate the cruel and unusual punishment clause.  "We therefore hold that the mandatory life sentence imposed upon this petitioner [for $120.75 credit card fraud] does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments."  *Id.*  Based on this standard, there is no violation of the Eighth Amendment by the Court's sentence in this case.   Counsel's failure to raise this issue on direct appeal had no bearing on the outcome of Young's case.

Even if the Court assumes Young's counsel should have objected at sentencing to the matters raised in his Motion or raised those issues on direct appeal,[4] the outcome would have been the same in this case.  Further, it should be noted, Young's sentence in this case was slightly lower than the USSG recommended minimum sentence.  Therefore Young has failed to establish "cause and prejudice" for his procedural default.  As there is no issue of actual innocence, this motion should be denied and dismissed.

**d. The merits of the separate claims**:   As set out above, the four claims raised by Young in this matter should also be denied on the merits of those claims.

**4. <u>Recommendation</u>**:

Accordingly, based on the foregoing, it is recommended the instant motion be DENIED and dismissed.[5]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

---

[4] And the Court makes no finding trial counsel should have done so.

[5]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*  In this case the parties do not dispute the relevant facts, therefore, an evidentiary hearing is not required.

The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this **28th day of February 2013.**

       /s/ Barry A. Bryant          
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE