IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**                                                                        **RESPONDENT**

v.                                 **Criminal No. 6:10-cr-60034**
                                   **Civil No. 6:16-cv-06066**

**TRACY YOUNG**                                                                                    **MOVANT**

<u>**REPORT AND RECOMMEDATION**</u>

      Before the Court is the Motion to Correct Sentence under 28 U.S.C. § 2255 filed herein on behalf of TRACY YOUNG (hereinafter "Young"). ECF No. 39. The Motion to Correct Sentence was stayed pending the decision of the United States Supreme Court in *Beckles v. United States*. The Parities were directed to brief the effect of *Beckles* on the pending motion. ECF No. 42. *Beckles* was decided by the Supreme Court on March 6, 2017. *See, Beckles*, 137 S. Ct. 886 (2017). The case has been referred to the undersigned for the purpose of making a report and recommendation regarding disposition.

**1. <u>Procedural History</u>**:

      On December 5, 2011, Young was sentenced to a term of 180 months imprisonment following his conviction for possession with intent to distribute methamphetamine and possession of a firearm by a prohibited person. He filed a motion pursuant to § 2255 on November 29, 2012. ECF No. 33. This Motion was denied by the Court on March 26, 2013. ECF No. 38. Other specific procedural facts are set out in the Report and Recommendation filed herein on February 28, 2013 (ECF No. 37) and will not be repeated here except as necessary for this Order.

**2. <u>Discussion</u>**:

      As noted above, the instant Motion was stayed pending a decision by the Supreme Court in *Beckles*. Despite being ordered to brief the effect of *Beckles*, Young has failed to file a brief regarding

the effect of the *Beckles* decision on his motion. The Government, filed a brief asserting the *Beckles* decision precluded relief for Young, as his Motion was entirely predicated on the issue raised in that case. ECF No. 43. The Government also asserts the Motion to Vacate is successive and Movant has not obtained permission from the United States Court of Appeals for the Eighth Circuit to file such a successive petition..

 **a. *Beckles***: The only issue Young raises in his current § 2255 motion is the applicability of *Johnson v. United States*, 135 S.Ct. 2551 (2015) to his sentence. *Johnson* invalidated as unconstitutionally vague the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act (ACCA). Young argued *Johnson* should be extended to the application of the United States Sentencing Guidelines. *Beckles* directly addressed this issue and held "the Guidelines are not amenable to a vagueness challenge." *Beckles*, 137 S. Ct. at 894. Accordingly, Young's motion should be denied on its merits as the Supreme Court Decision in *Johnson* does not apply to Young' sentencing.

 **b. Successive Motion**: Further, Young previously filed a Motion to Vacate pursuant to § 2255. ECF No. 33. Before this Court may consider a second or successive § 2255 motion, Young must first obtain authorization from the appropriate court of appeals, in this case the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2255, *see also Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of *habeas corpus*); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D.Ark. 1996)(*citing Nunez*). Young has failed to obtain this authorization, and his Motion should be denied. *See Boykin v. United States*, 242 F.3d 373 (Table) (8th Cir. 2000) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of

jurisdiction). Accordingly, the instant Motion should be dismissed with prejudice for lack of jurisdiction.

### 3. Evidentiary Hearing:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Young is clearly not entitled to the relief he seeks.[1] Further, I find Young has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

### 4. Recommendation:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice. Any request for a certificate of appealability should be **DENIED**.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **20th day of June 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] *See Buster v. United States,* 447 F.3d 1130, 1132 (8th Cir. 2006)(holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).